PEOPLE ex rel. MAHONEY v. MacLEAN et al.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

STIPULATIONS—VALIDITY—SURETIES.

     Under the general rules of practice (rule 11) providing that no private agreement between parties or their attorneys in respect to the proceedings in a cause shall be binding, unless reduced to the form of an order by consent and entered, or unless evidenced by a writing, where an arrangement between attorneys as to the justification of sureties on an under-

taking does not comply with such rule, a party cannot be compelled to withdraw his exception to the sufficiency of the sureties pursuant thereto.

Appeal from special term, New York county.

Proceeding by the people, on the relation of Denis J. Mahoney, against Charles F. MacLean and others, as police commissioners of the city of New York. From an order granting relator's motion to compel defendants to withdraw their exceptions to sureties on an undertaking, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

T. Connoly, for appellants.

H. Ringrose, for respondent.

VAN BRUNT, P. J. There is only one question which it seems to be necessary to consider in determining this appeal. There does not appear to have been any right upon the part of the court to direct the defendants to withdraw their exceptions. They certainly did not stipulate so to do, and, whatever arrangements may have been made in respect to justification, they were not thereby deprived of the right to have their exceptions remain of record. In this connection it may not be improper to call attention to rule 11 of the general rules of practice which provides that no private agreement or consent between the parties or their attorneys in respect to the proceedings in a cause shall be binding, unless the same shall have been reduced to the form of an order by consent and entered, or unless the evidence thereof shall be in writing, subscribed by the party against whom the same shall be alleged, or by his attorney or counsel. This salutary provision seems to have been wholly disregarded in this proceeding. All stipulations or agreements entered into between counsel which are sought to be enforced by the court must comply with the rule above stated.

We think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.